THE STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND APPELLANT, *v.* BEN K. WOODCOCK AND FERN M. WOODCOCK, HUSBAND AND WIFE, DEFENDANTS AND RESPONDENTS.

No. 10983.
Submitted November 30, 1965. Decided March 1, 1966.
411 P.2d 357.

S. M. Swanberg (argued), Orville Gray, Great Falls, for appellant.

Wellington D. Rankin (argued), Arthur P. Acher (argued), Helena, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered in a condemnation action in the District Court of the Eighth Judicial District. The cause was tried by stipulation of counsel before the Honorable Lester H. Loble sitting without a jury. The judgment was entered in favor of the defendants, Ben K. Woodcock and Fern M. Woodcock, awarding to them the sum of $21,177.00 together with interest and costs. This amount was determined by the district court to represent the fair market value of the property taken.

Directly across the Missouri River from the City of Fort Benton lies a tract of land, consisting of 85 acres, owned by the defendants. A modern dwelling was constructed upon the land in 1961. In April of the same year the defendants filed a plat of the area in which a certain portion of the land was subdivided into 29 lots. Sewers and water have been installed on these lots. Shortly after the plat was filed on May 2, 1961, this condemnation action was commenced.

The State of Montana acting through its Highway Commission desired to take approximately 3.13 acres of this land for the purpose of providing access to a new bridge across the Missouri River.

· A commission hearing was held in September 1962, at which time both parties presented evidence as to the value of the lands to be taken by the Highway Commission and as to the damage sustained to the remaining land because of the taking. The commissioners determined that the sum of $15,000.00 should be awarded to the defendants as just compensation for the taking and damage to the remaining property. The Highway Commission appealed from the award made by the commissioners to the district court.

The appellant, Highway Commission, through the testimony

of its appraisers, testified that the highest and best use of the property of the respondents was as suburban homesites. They also testified that the effect of the condemnation was to cut the property of the respondents into two separate suburban tracts, and that the fair market value of the property taken plus the damage to the remaining property was $1,200.00.

The respondents similarly contend that the land has value as building sites and since a portion of these sites were destroyed an award should be made on that basis together with damage to the remainder. Respondents contend that the damage to the remainder results from the fact a sewer lagoon disposal system cannot be used since the sewage line cannot run under the highway. Thus, the building sites must be enlarged so that cesspools may be installed upon each site. They also establish to the satisfaction of the court that the building up of the grade for the new highway debases the view which further depreciates the value of the remaining property.

The district court in its findings of fact concluded: that by reason of the condemnation of the right-of-way the area suitable for building sites is bisected; that approximately twelve building sites were completely destroyed; and that the remainder of the property not taken has been depreciated in value.

The Highway Commission in seeking relief from this Court contends that an award in the amount of $21,177.00 is excessive for the property taken, and that evidence improperly considered by the district court was the basis of the award.

The Constitution of this state provides that private property shall not be taken for public use without payment of just compensation to the owner. (Mont.Const. Art. III, § 14) R.C.M. 1947, § 93-9913, provides that "For the purpose of assessing compensation the right thereto shall be deemed to have accrued at the date of the service of the summons, and its actual value as of that date shall be the measure of compensation for all property to be actually taken, and the basis of deprecia-

294

tion in value of property not actually taken, but injuriously affected. * * *"

The term "actual value" as used in section 93-9913 has been defined by this court to be "market value" or "the price that would in all probability result from fair negotiation, where the seller is willing to sell and the buyer desires to buy." (Northern Pac. & Mont. Ry. Co. v. Forbis, 15 Mont. 452, 39 P. 571; State v. Hoblitt, 87 Mont. 403, 288 P. 181).

Further as was stated in State v. Hoblitt, supra, page 413, 288 P. page 185:

"The owner has the right to obtain the market value of the land, based upon its availability for the most valuable purpose for which it can be used, whether so used or not (Montana Ry. Co. v. Warren, 6 Mont. 275, 12 P. 641), but to be *available* for a purpose means capable of being used for that purpose (Webster's New Int. Dictionary), and, as the market value at the date of the summons controls, the land must be shown to have been marketable at that time for the purpose stated (In re Niagara, [Lockport & Ontario] Power Co., 133 Misc.Rep. 177, 231 N.Y.S. 72); the showing must be that the use is one to which the land may reasonably be applied (Bloxton v. [State] Highway Commission, 225 Ky. 324, 8 S.W.(2d) 392), such as would probably affect a purchaser (Emmons v. Utilities [Power] Co., 83 N.H. 181, 141 A. 65, 58 A.L.R. 788.)."

The basic contention of the appellant is that at the date of service of summons the land in question was not shown to be marketable as building sites and the evidence upon which the award was based was improperly considered by the judge.

In answer to this contention it should be pointed out first, that in eminent domain proceedings the findings of the district court will generally not be disturbed on appeal "unless they are so obviously and palpably out of proportion to the injury done as to be in excess of just compensation provided for by section 14, article III, of the Montana Constitution." (State Highway Commission v. Peterson, 134 Mont. 52, 58, 328 P.2d 617, 620).

Second, that five witnesses testified on behalf of the respondents as to the value of the lands taken and the damage to the remainder. It appears that the sum awarded by the district judge was within the limits of the values testified to by these witnesses.

Third, that the evidence presented by respondents went in largely in the absence of objection. The appellant quotes the testimony of the court and witnesses beginning at page 102 of the transcript. For the next 70 pages no objection of any kind was interposed by the appellant. We feel the appellant's attention should be directed to the Rules of the Supreme Court governing this appeal. Rule X, subd. 3, par. c. provides: "* * * When the error alleged is to the admission or rejection of evidence, the specification shall indicate the character of the evidence admitted or excluded, and refer to the page numbers in the transcript where the same may be found."

Fourth, that the testimony disclosed that respondent, in 1957, had discussed his plan to subdivide the land in question. This action to condemn the land of the respondents was not filed until 1961. Thus, it appears that "the intended use of the land by the defendants was not a dream concocted or contrived with the purposeful intent of obtaining a larger settlement from the appellant." (State Highway Comm'n v. Milanovich, 142 Mont. 410, 417, 384 P.2d 752).

In summary we have before us a cause in eminent domain in which the award of the district court was not "obviously and palpably out of proportion" with the evidence.

The evidence upon which the award was no doubt based went in almost entirely in the absence of objection by the appellant. Faced with these facts we cannot grant relief to the appellant. The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.